———o———

DANIEL J. FOLEY, *et al.*, Appellants, *vs.* JOSIAH ALKIRE, *et al.*, Respondents.

1. *Practice, civil—Trials—Verdict—Pleadings.*—A verdict against the admissions of the pleadings cannot be suffered to stand.
2. *Practice, civil—Pleadings—Verdict—Replication, nunc pro tunc.*—If where a replication was required, it was not filed, yet a court should not for that cause set aside a verdict, but should allow a replication of general denial to be filed *nunc pro tunc* to aid the verdict.

*Appeal from St. Louis Circuit Court.*

*Alex. J. P. Garesche*, for Appellants.

*Samuel N. Holliday*, for Respondents.

The counsel on both sides filed elaborate briefs, but as the court does not touch on the questions therein, they are necessarily omitted.

ADAMS, Judge, delivered the opinion of the court.

This was an action for $4,263.55, the price and charges on thirty hogsheads of sugar alleged by the plaintiffs to have been sold and delivered by them to the defendants.

The answer of defendants charges, that the sugar was bought by sample through Leavitt and Winchester, brokers at St. Louis Mo., from the plaintiffs; that the sugar was, at the time of the contract of purchase, in Baltimore, Maryland, and by the terms of the contract, the thirty hogsheads were to correspond with the sample shown to defendants; that when the sugar arrived at St. Louis, the defendants caused the same to be inspected, and found that the sugar contained in the hogsheads did not correspond with and was not equal to the sample upon which the defendants made the agreement to purchase; that it was not the same kind of sugar agreed to be purchased, from the sample; that it did not suit the defendants, was inferior to the sample, and not worth as much; and the defendants refused to accept the same, and so notified the plaintiffs.

The plaintiffs in their reply denied that the sugar delivered did not correspond with the sample, or was not equal to the sample by which it had been sold, and denied that the sugar delivered was inferior to the sample, not worth as much, and that it was of a different grade and quality, and denied that the sugar delivered was not that agreed to be purchased by the defendants.

Under the instructions of the court the jury found a verdict for the plaintiffs for the amount claimed; a motion for a new trial was overruled, and judgment rendered for plaintiffs, and defendants appealed to General Term, where the judgment at Special Term was reversed, and the cause remanded. From this judgment of reversal the plaintiffs have appealed to this court.

From the bill of exceptions in this case, it seems that both parties were laboring under a mistake, as to the real issue presented by the pleadings. The question principally litigated on the trial, was whether the sale of the sugar was by sample or not.

The evidence introduced on both sides had reference mainly to this question, and the instruction which decided the case for the plaintiffs was predicated upon the ground that it was

not a sale by sample; that the sale was consummated in Baltimore through brokers who acted for the defendants in the reception of the goods, and its completion did not depend upon the samples that had been sent to the defendants.

The answer and reply do not present any such issue as was tried. The reply admits in express terms, or by necessary implication that the sale of the sugar was by sample, as stated in the answer, and the only issue raised by the replication was a denial that the sugars delivered did not agree with the sample, or were inferior to the sample. If there had been no replication at all filed, and no steps taken to *non pros* the plaintiffs, the court would not for such omission set aside a verdict. A general denial ought to be filed *nunc pro tunc*, in aid of the verdict. But that is not this case. Here there was a reply filed by the plaintiffs, which admits that the sale of the sugar was by sample. A verdict against the admissions of the pleadings cannot be suffered to stand. Without passing upon the questions, whether there was any evidence tending to prove that the sale was by sample, and whether the instructions given for the plaintiff would have been right under a proper issue, I am clearly of the opinion, that in view of the admissions in the reply, this case was not properly presented to the jury.

The judgment of the General Term, reversing the judgment at Special Term, and remanding the cause, is affirmed. Judge Wagner absent. The other judges concur.